13 N.J. Super. 268 (1951)
80 A.2d 447
AMERICAN FEDERATION OF HOSIERY WORKERS, PLAINTIFF-RESPONDENT,
v.
POHATCONG HOSIERY MILLS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 19, 1951.
Decided April 30, 1951.
Before Judges JACOBS, EASTWOOD and BIGELOW.
*269 Mr. Abraham L. Friedman argued the cause for the respondent (Messrs. Rothbard, Harris & Oxfeld, attorneys).
Mr. Ira C. Moore, Jr., argued the cause for the appellant (Messrs. Whiting & Moore and Mr. C. Alan Phillips, attorneys).
PER CURIAM.
This suit grows from an arbitration between an employer and the employees' union relating to vacation pay. The employer seeks to litigate before us two of the questions that were presented to the arbitrator.
The parties had entered into a contract governing terms and conditions of employment. It contained a stipulation that employees whose employment is terminated and who have been "continuously employed for nine months prior to the date of termination" shall receive vacation allowances. There had been a strike at the plant from October 15 to December 15, 1949. The employer contended that because of the strike, no employee whose employment was terminated within nine months of December 15, was entitled to vacation pay. But the arbitrator held that within the meaning of the contract, the strike did not break the continuity of employment, or operate to deprive the men of vacation pay.
A number of the employees were not called back to work by the company after the strike. The arbitrator considered it fitting that they receive vacation pay at the contract rate for the period they worked since March 31. The company objects that they were not employees at any time during the term of the contract, which is dated the day of the strike settlement, December 15, 1949. The arbitrator noted that its provisions for vacation pay are identical with those contained in the contract that governed relations between the parties until October 15, 1949, when the strike began. The base period for the computation of vacation pay is the 12 months ending March 31.
The appellant employer contends that the award should have been set aside by the Law Division and not confirmed, *270 because (1) there was no arbitrable issue, and the arbitrator exceeded his jurisdiction; (2) the award is not "mutual" or "final, definite and complete"; (3) the arbitrator was not impartial.
The parties, by their contract, agreed that any matters of dispute or difference between them "relating to wages, rates, hours, conditions of work, and the relations between the parties, arising during the term of this agreement" shall be submitted to the impartial chairman, Mr. William Simkins, "for final and binding decision." The reference to him expressly included the interpretation, construction and application of the terms of the contract. And both parties agreed "to be bound by and abide" by the impartial chairman's decisions.
The contentions of the appellant are frivolous except, perhaps, the one which questions the jurisdiction of the arbitrator to award vacation pay to strikers who were not called back after the strike. The contract provided that the "Employer will call back its employees departmentally" and "in recalling employees back to work, Employer shall apply the seniority system" set forth in the contract. As it turned out, the company did not resume operations on as large a scale as before the strike and so a number of the employees who had low seniority were not called back to work. But for a year these employees had a right under the contract to first call, if the company increased its operations so as to need more men. No one could foretell definitely on the date of the contract that they would not be called back. They had then exactly the same status as all the other strikers and were employees in the same sense and were so designated in that part of the contract from which we have quoted.
The dispute or difference between the employer and the union concerning these men, and the problem of interpretation of the contract, were within the scope of the arbitration clause.
The judgment is affirmed with costs.